UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE A. HERNANDEZ, | ) | Case No. 1:06 CV 0390 |
| | ) | (Crim. Case No. 1:05 CR 096) |
| Petitioner, | ) | |
| | ) | Judge James S. Gwin |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Jose A. Hernandez is a prisoner in federal custody serving a 78-month sentence for violating 8 U.S.C. §1326, re-entry following deportation. He entered a counseled guilty plea to this offense and has taken no appeal. He has, however, moved to vacate, set aside or correct sentence contending that his 78-month sentence is improperly lengthy. In support of this contention he raises three grounds which shall be addressed simultaneously due to their interrelatedness.

| | |
|---|---|
| **GROUND ONE:** | I was improperly/illegally sentenced for illegal re-entry.    INEFFECTIVE  ASSISTANCE  OF COUNSEL. |
| Supporting Facts: | When I was sentenced, I was enhanced by 16 levels for a past conviction of "Robbery".   The past conviction was a non-violent robbery, which I took money from a gas station.  It was not an armed robbery or any type of crime of violence.  I was only sentenced to 90 days (misdemeanor) time with the State of CA for the charge. The maximum guideline enhancement could have only been 4 levels vs. the 16 levels.  I told my attorney about this but he said "it didn't matter".  I do not speak english, and I was not afforded the services of an interpreter.  I did not have any way to understand what was going on.  I didn't find this out until I reached Federal Prison. |

1:06 CV 0390                              2

> **GROUND TWO:**     Constitutional Violation, 6th Amendment and Rule 43,
> Federal Rules of Criminal Procedure.
>
> Supporting Facts:    I speak fluent Spanish. I do not speak English. I was
> not afforded the services of an interpreter and I did not
> understand what was taking place during my plea and
> subsequent sentencing.
>
> **GROUND THREE:** Ineffective Assistance of counsel
>
> Supporting Facts:    Counsel failed to argue/object to the Guideline
> application in my case. The guidelines at 2L1.1 App.
> Note 3, specifies that my robbery crime was an
> agrivated (sic) felony, and was not subject to a 16
> level enhancement.

These grounds contains several claims to which respondent has answered in part by

expanding the record pursuant to Rule 7(a) & (b) of the Rules Governing §2255 Cases with the

affidavit of the Federal Defender at Hernandez' plea hearing and sentencing, Edward G. Bryan.

Hernandez has not objected and this is significant. Hernandez had requested transcripts of his court

proceedings and these were prepared. (See Docket in *U.S. v. Hernandez*, Case No. 1:05 CR 096

(N.D. Ohio), ECF #23-29). Over one year has passed and yet Hernandez has not utilized any of

these transcripts to support his claims. Even assuming that Hernandez is inarticulate in English, as

he claims, this has been more than adequate time for him to respond. Consequently, counsel's

affidavit and the government's arguments stand unchallenged.


The court sentenced Hernandez to 78 months which fell within the advisory guideline range

of 70 to 87 months under Hernandez' criminal history category of V at offense level 21. Hernandez

argues that his sentence had been improperly enhanced by 16 levels due to prior offense in

1:06 CV 0390                                    3

California. The government counters that the 16-level enhancement was due to a March 1999 second degree felony in Washington State, not California, which qualified as a "felony." See U.S.S.G. §2L1.2 (Application note 2 (2005)). Further, under U.S.S.G. §2L1.2 a "crime of violence" includes a crime of robbery. See also U.S.S.G. §2L1.2 (Application note 1(B)(iii)). The government adds that the element of violence is also found in the Tacoma, Washington Police Department records in which Hernandez had used a threatening note claiming he had a gun. (See Presentence Report ¶ 33). Whether Hernandez actually possessed a firearm during the robbery is irrelevant for the classification of his crime as a felony and as a crime of violence under the sentencing guidelines. The evidence points out that second degree robbery under the Washington code does not require actual use of force but rather only threat of force. The offense remains a crime of violence for purposes of the sentencing guidelines.

Hernandez next claims that his state sentence was only 90 days, which he contends made it a misdemeanor offense. Hernandez' argument based on the length of sentence is not totally unwarranted. Under U.S.S.G. §2L1.2(b) drug trafficking offenses for which the sentence imposed exceeded 13 months receive a 16-level increase, whereas drug trafficking offenses for which the sentence imposed was 13 months or less receive only a 12-level enhancement, if the offense was a felony. See U.S.S.G. §2L1.2(b)(1)(A)(i) and (E). However, for the other felonies including crimes of violence, firearm offenses, child pornography, national security or terrorism offenses. human trafficking, or alien smuggling offenses, it is only necessary that the offense is carried on the books as a felony which "means any federal, state or local offense punishable by imprisonment for a term

1:06 CV 0390                                 4

exceeding one year." See U.S.S.G. §2L1.2 (Application note 2). "Punishable" refers to the potential punishment not the actual punishment received.

Hernandez also raises a claim that he needed an interpreter because he is not fluent in English. The government points to the statement in Attorney Bryan's affidavit that he conversed with Hernandez in English and had confidence in Hernandez' ability to understand and speak English. Further, Hernandez' motion in itself supports his ability to read and respond appropriately in English. Hernandez does not claim that someone else prepared his §2255 motion on his behalf.

Moving on to his claim of ineffective assistance of counsel, the government points to Attorney Bryan's affidavit stating that he did obtain a copy of defendant's prior conviction record and found nothing in these documents which would allow him to argue that his client's prior conviction was not a felony crime of violence. Further, Attorney Bryan states that he did argue for a lesser sentence on behalf of Hernandez.

To sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel, Hernandez must first show that counsel's performance was deficient, so that counsel was not functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and secondly Hernandez "must show that the deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389

1:06 CV 0390                                    5

(2000).  There is no merit to any of Hernandez' claims and  "[c]ounsel is not required by the

Constitution to raise frivolous defenses or arguments to avoid the charge of ineffective

representation.  See *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1996); *White v. United States*, 69

Fed. Appx. 222, 223 (6th Cir. 2003) (unreported). Hernandez' grounds have no merit.


## CONCLUSION AND RECOMMENDATION

It is recommended that the pending motion to vacate, set aside or correct sentence under 28

U.S. C. § 2255 be dismissed for lack of merit.  Further, it is recommended that the court certify

pursuant to 28 U.S.C. §1915(a)(3) that an appeal form this decision could not be taken in good faith

and that there is no basis on which to issue a certificate of appealability. See 28 U.S.C. §2253(c);

Fed. R. App P. 22(b).

                                        s/James S. Gallas
                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v.

Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: April 30, 2008